IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| STEVE RIDDICK, | ) | CASE NO. 7:20CV00597 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
|  | ) | |
| S. BUNCH, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | Senior United States District Judge |
|  | ) | |

Steve Riddick, a Virginia inmate proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials delayed his communication with a national news publication. The court required Riddick to comply with filing prerequisites, which he has done. See 28 U.S.C. § 1915(b). Upon review of the record, the court concludes that Riddick's complaint must be summarily dismissed without prejudice for failure to state a claim.

Liberally construed, Riddick's complaint alleges that in July 2020, he gave M. Barton outgoing mail addressed to The Washington Post newspaper, with appropriate forms attached authorizing a withdrawal from Riddick's trust account to cover the postage for certified mail. Riddick claims that this mailing was intended to garner media attention for two lawsuits he had previously filed in this court, Case Nos. 7:20CV00081 and 7:20CV00096. Mailroom staff have allegedly told Riddick that they never received this piece of outgoing mail. When questioned, Barton gave varying accounts, saying at different times that he took the letter to the business office, put it in the mailbox, or put it in the mailbag. Riddick has asked officials to review the surveillance camera footage of Barton accepting his mailing, but he has received no information about an investigation of the matter.

Riddick asserts that various officials have violated his constitutional rights by "not allowing [his] mail for the Washington Post to be mailed denying [him] access to media . . . out of

retaliation for [his] mail contents." Compl. 6, ECF No. 1. He also claims officials retaliated against him by failing to investigate the loss of his mailing and for finding his grievances about the matter to be unfounded. As relief in this case, Riddick seeks monetary damages.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The court must dismiss a prisoner's § 1983 action about prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). To state an actionable claim, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The court cannot find that any of Riddick's complaints related to his missing mailing rises to the level of a constitutional violation. First, "occasional incidents of delay or non-delivery of mail do not rise to a constitutional level." Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003), aff'd, 88 F. App'x 639 (4th Cir. 2004); Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (finding that isolated instances of mishandling of inmate mail do not constitute a valid constitutional claim). Thus, the alleged misdirection or loss of Riddick's letter to The Washington Post, standing alone, does not support an actionable claim against anyone.

Second, Riddick's allegations state no actionable § 1983 retaliation claim. To state such a claim, a plaintiff must allege facts showing "that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct."

Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017).[1]  "[A] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights."  Id.  A merely conclusory assertion that a prison official acted with a retaliatory motive is insufficient to state an actionable constitutional claim under § 1983.  Adams v. Rice, 40 F.3d 72, 74–75 (4th Cir. 1994) (finding § 1983 retaliation claim was properly dismissed where plaintiff provided only conclusory assertion of retaliation with no facts to connect defendant's adverse action to plaintiff's protected activity).

Riddick asserts, with no factual support, that Barton, who lost or misplaced his letter, and other officials who failed to investigate the incident or otherwise assist Riddick in finding his letter, committed these actions to retaliate against him for the content of his mailing.  However, Riddick states no facts suggesting that the content of the mailing was the reason for any action or omission by the defendants.  Indeed, his complaint is devoid of any factual allegations sufficient to plausibly suggest that any of these individuals even knew what was in the mailing or that it had anything to do with Riddick's lawsuits.  Moreover, Riddick fails to demonstrate that one lost mailing to a newspaper would "likely deter a person of ordinary firmness from the exercise of First Amendment rights," or that this incident prevented or discouraged him from exercising his rights to pursue and publicize his lawsuits.  Martin, 858 F.3d at 249.  Thus, the court concludes that Riddick fails to state a § 1983 retaliation claim upon which relief could be granted, regarding his mailing to The Washington Post.

In addition, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure.  An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process."  Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017).

---

[1] The court has omitted internal quotation marks, alterations, and citations here and throughout this memorandum opinion, unless otherwise noted.

Accordingly, Riddick's complaint that he could not obtain satisfactory results through the prison's grievance procedures does not provide grounds for liability under § 1983 against anyone. Finally, Riddick has no constitutional right to have a complaint investigated or to have anyone disciplined. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (finding individual has no constitutional right regarding criminal prosecution or non-prosecution of another person); Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) (finding that inmates had no constitutional claim based on magistrate's refusal to issue requested criminal warrant charging guards with assault).

For the reasons stated, the court concludes that Riddick's claims regarding his lost mailing must be summarily dismissed without prejudice, pursuant to § 1997e(c)(1), for failure to state a claim upon which relief could be granted. An appropriate order will issue this day. The clerk will send plaintiff a copy of this memorandum opinion and the accompanying order.

**ENTER**: This  29th  day of January, 2021.

_____
Senior United States District Judge

4